UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| PASSAGE HEALTH INTERNATIONAL, LLC, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23 cv 225 ) |
| MARTHA ZENDEJAS SOTO AND RAPHAEL GONZALEZ SOTO, | ) JURY TRIAL DEMANDED ) McDonough/McCook ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Passage Health International, LLC ("Passage"), by and through its undersigned counsel, and hereby files this *Complaint for Damages* against Defendants Martha Zendajas Soto and Raphael Gonzalez Soto (collectively, the "Sotos"). As grounds for and in support of its Complaint, Passage alleges as follows:

***PARTIES, JURISDICTION & VENUE***

1.

This is an action for damages in the principal amount of $162,622.99. As such, the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00) which is above the jurisdictional threshold of this Court pursuant to 28

U.S.C. § 1332.

2.

Plaintiff Passage is a Florida limited liability company and maintains its principal place of business and registered agent in the State of Florida.

3.

Plaintiff is the billing administrator of American Medical Center Hospitals ("AMC") and is authorized to conduct business on behalf of and for AMC. AMC operates an emergency medical facility located at Paseo de La Marina Int 4116, El Medano, Cabo San Lucas, Baja California Sur, 23453, Mexico.

4.

Defendant Martha Soto is a resident and citizen of the State of Tennessee. Martha Soto may be served with process at her last-known address, 8012 Keybridge Way Powell, TN 37839.

5.

Defendant Raphael Soto is a resident and citizen of the State of Tennessee. Raphael Soto may be served with process at his last-known address, 8336 Oak Ridge Hwy. #K9, Knoxville, TN 37931.

6.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Passage resides in a different state than Martha Soto and Raphael Soto for

purposes of diversity jurisdiction, and because the amount in controversy exceeds $75,000.00.

7.

Venue in the Eastern District of Tennessee is proper pursuant to 28 U.S.C. § 1391(b)(1), as the Sotos reside within this judicial district.

*FACTUAL ALLEGATIONS*

8.

On June 21, 2021, Martha Soto presented to the AMC Emergency Department for examination and treatment.

9.

The same day Martha Soto presented to AMC, her son, Rafael Soto, signed the **Assignment of Benefits and Designation of Authorized Representative Agreement**. A copy of the "Assignment Agreement" is attached hereto as Exhibit "A".

10.

The "Assignment Agreement", which was signed by Rafael Soto, clearly and unequivocally states:

> I, the undersigned, understand that **American Medical Center** ("AMC") (the "Provider") and Passage Health International ("PHI") (the "billing administrator") shall attempt to process all claims through my insurance carrier/payor. I understand and agree that should my insurance carrier/payor fail to pay all monies owed to the Provider, or send payment directly to me, I shall be responsible for paying all

monies owed to the Provider and/or to the billing administrator.

(Ex. "A").

11.

The "Assignment Agreement" further notes:

> If I or my insurance company on my behalf fail to pay all monies owed for services provided by the Provider, the Provider, and/or its assignees may seek a judgment against me for any monies owed. The undersigned agrees to pay for all cost of collection, including reasonable attorneys' fees (including attorney fees on appeal), incurred by provider or its billing administrator in enforcing payment.

(Ex. "A").

12.

Martha Soto was admitted to AMC's facility for examination and treatment.

13.

Martha Soto was examined and treated at AMC's facility. Martha Soto received treatment from June 21, 2021 until June 30, 2021, when she was discharged from AMC's facility.

14.

As a result of being admitted, examined, and treated at AMC for ten (10) days, Martha Soto incurred a bill, which was also guaranteed by her son, Rafael Soto. The patient account at issue is noted more fully in the invoice attached hereto as Exhibit "B". In compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the patient name and other identifying characteristics have been

omitted deliberately from the invoice. Nonetheless, upon appearance by counsel for Martha Soto, or upon request from Martha Soto, Passage will provide an unedited, full version of the invoice.

15.

The medical services rendered and medical supplies provided by AMC to Martha Soto were medically necessary.

16.

The charges for the medical services rendered and medical supplies provided by AMC to Martha Soto were usual, customary, and reasonable.

17.

Martha Soto paid a deposit of $3,100.00 directly to AMC at the time that the medical services were rendered.

18.

On behalf of AMC, Passage billed Martha Soto's healthcare insurer, Humana, Inc. ("Humana"), for the remainder of the balance owed.

19.

Upon information and belief, Humana sent two checks to Martha Soto totaling $152,432.37. Those funds were due to be directed to AMC, as they constitute payment for the medical services rendered to Martha Soto.

20.

Upon information and belief, on June 13, 2022, Martha Soto deposited the checks from Humana in the amount of $152,432.37 into her personal bank account.

21.

Martha Soto and Raphael Soto have not returned to AMC since the date of Martha Soto's discharge and have not made any additional payment to Passage or AMC other than the initial deposit made at AMC at the time of Martha Soto's treatment.

22.

Martha Soto and Raphael Soto have refused and failed to forward payment to AMC or Passage for the medical services and supplies provided to Martha Soto.

23.

Martha Soto and Raphael Soto have been provided all necessary documents and notice necessary as any condition precedent to this action.

## Count I

### *Breach of Contract*

24.

Passage restates and re-alleges all prior paragraphs as if fully set forth herein.

- 6 -

25.

On June 21, 2021, Rafael Soto, signed the Assignment Agreement. *See* Exhibit "A".

26.

By signing the Assignment Agreement, Rafael Soto agreed to "be responsible for paying all monies owed to the Provider and/or to the billing administrator" should his insurance carrier/payor send payment directly to him. *See* Exhibit "A".

27.

By signing the Assignment Agreement, Rafael Soto stated, "[t]he undersigned agrees to pay for all cost of collection, including reasonable attorneys' fees (including attorney fees on appeal), incurred by provider or its billing administrator in enforcing payment." *See* Exhibit "A".

28.

To date, Rafael Soto has failed or refused, and continues to fail or refuse to pay the total sum that is due and owing to Passage/AMC under the plain language of the Assignment Agreement.

29.

As a direct and proximate result of Rafael Soto's breach of the Assignment Agreement, Passage has suffered damages to date in the amount of $162,622.99,

excluding pre-judgment interest and reasonable attorneys' fees and costs.

30.

As such, Passage prays for judgment in its favor against Defendant Rafael Soto in the amount of $162,622.99, plus pre-judgment interest and reasonable attorneys' fees and costs, along with any and all other damages or additional relief as this Court deems just and proper.

## Count II

### *Account Stated*

31.

Passage restates and re-alleges all prior paragraphs as if fully set forth herein.

32.

Passage has previously forwarded an invoice showing the sum of $162,622.99 due and owing by Martha Soto and/or Rafael Soto to Passage.

33.

Martha Soto and/or Rafael Soto have kept that invoice for a long period of time without objection, thereby creating an account stated for the sum of $162,622.99.

34.

Passage has only received correspondence from Rafael Soto, disclaiming that any monies were owed to Passage and/or AMC, and neglecting to forward the

monies received from Humana to Passage for the purposes of paying for the medical services rendered to Martha Soto.

35.

As such, Passage is entitled to damages to date in the amount of $162,622.99, pre-judgment interest, reasonable attorneys' fees, and costs.

## Count III

### *Negligent Misrepresentation*

36.

Passage restates and re-alleges all prior paragraphs as if fully set forth herein.

37.

Defendants negligently supplied false information to Passage and/or AMC with regard to the monies forwarded to Martha Soto for the purpose of paying for the medical services rendered to Soto by AMC.

38.

Passage and/or AMC reasonably relied upon the false information provided to them by Defendants.

39.

Passage and/or AMC suffered economic injury as a result of their reliance on the false information provided by Defendants.

40.

Therefore, Defendants are liable to Plaintiff in the amount necessary to compensate Plaintiff for the pecuniary loss to Plaintiff's caused by Defendants' misrepresentation, in an amount to be proven at trial.

## Count IV

### *Civil Theft/Conversion*

41.

Passage restates and re-alleges all prior paragraphs as if fully set forth herein.

42.

The $152,432.37 Humana sent to Martha Soto were specific and identifiable, as such money constitutes all amounts due and owing to Passage/AMC in payment for the medical services rendered to Martha Soto.

43.

The $152,432.37 was possessed by Martha Soto and/or Rafael Soto, despite demands made for the payment of such money to Passage/AMC in satisfaction of the amount due and owing to Passage/AMC for the medical services rendered to Martha Soto.

44.

As evidenced by Rafael Soto's email exchange, attached hereto as Exhibit "C", Martha Soto and/or Rafael Soto refused to surrender the $152,432.37 sent to

Martha Soto by Humana to be used as payment for the medical services rendered to Martha Soto.

45.

Upon knowledge and information, said money, despite being earmarked and owed to Passage/AMC, was deposited into Martha Soto's bank account. To date, Martha Soto has failed to or refuses to pay for the medical services rendered to her by AMC.

46.

As such, Passage in entitled to immediate possession of the specific and identifiable sum of money sent to Martha Soto by Humana for payment for the medical services rendered to her by AMC.

47.

Passage is further entitled to punitive damages in an amount to be proven at trial, as Martha Soto and/or Rafael Soto's actions with regards to the money sent to Martha Soto by Humana constitutes evidence of culpable tortious conduct to the point that damages are necessary to penalize, punish, or deter such conduct.

**Count V**

*Fraud/Fraudulent Inducement/Fraudulent Misrepresentation*

48.

Passage restates and re-alleges all prior paragraphs as if fully set forth herein.

49.

As described herein, Martha Soto and/or Rafael Soto made intentional representations of material fact regarding the payment by Humana and their intent to remit payment to Passage and/or AMC as obligated pursuant to the Assignment Agreement.

50.

By law, and by agreement as laid out clearly in the Assignment Agreement, Martha Soto and/or Rafael Soto were obligated to forward any funds received from Humana, as their medical insurer, to Passage and/or AMC, or Martha Soto and/or Rafael Soto were to pay any funds owed to Passage and/or AMC directly.

51.

The express representations were made in an effort to fraudulently conceal the fact that monies were paid to Martha Soto and/or Rafael Soto by Humana, which were intended to be forwarded to Passage and/or AMC for the medical services rendered to Martha Soto.

52.

Martha Soto and/or Rafael Soto knew at the time of making these representations that they were false.

53.

Martha Soto and/or Rafael Soto made these representations for the sole

purpose of concealing material facts from Passage and/or AMC in the pursuit of collecting a debt.

54.

Passage and/or AMC justifiably, and detrimentally relied on representations from Martha Soto and/or Rafael Soto when Rafael Soto signed the Assignment Agreement, acknowledging that he would be responsible for paying all monies owed for the medical services rendered to Martha Soto by AMC.

55.

As such, Passage has been damaged in the amount of $162,622.99 as a result of the fraudulent representations made by Martha Soto and/or Rafael Soto.

## Count VI

### *Unjust Enrichment*

56.

Passage restates and re-alleges all prior paragraphs as if fully set forth herein.

57.

Martha Soto benefited from the medical treatment, services, and products rendered to her by AMC and the doctors of AMC without having paid in full for same.

58.

Under the circumstances and based on the relationship between the parties,

Martha Soto has unjustly retained a benefit at the expense and to the detriment of Passage/AMC.

<p style="text-align:center">59.</p>

Martha Soto's retention of that benefit violates the fundamental principles of justice, equity, and good conscience.

**WHEREFORE,** the Plaintiff, PASSAGE HEALTH INTERNATIONAL, LLC, prays for judgment in its favor against Defendants MARTHA SOTO and RAFAEL SOTO, in the amount of $162,622.99, plus pre-judgment interest, punitive damages, reasonable attorneys' fees, and costs, and for any and all other damages or additional relief as this Court deems just and appropriate.

**Passage demands a jury trial on all issues so triable.**

Respectfully submitted this 26th day of June, 2023.

<div style="margin-left: 50%">

*/s/ Kindu A. Walker*
KINDU A. WALKER
Tennessee Bar No. 33790
DERRON B. BOWLES
Georgia Bar No. 928313

*Pro Hac Vice requested.*

</div>

**LITCHFIELD CAVO, LLP**
2100 Riveredge Parkway, Ste. 1200
Atlanta, GA 30328
Phone: (770) 628-7111
walkerk@litchfieldcavo.com
bowles@litchfieldcavo.com